IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA L. CHAVEZ,

    Plaintiff,

v.                                                      No. 22-cv-0816-MIS-JFR

CITY OF ALBUQUERQUE, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court Plaintiff Joshua Chavez's Prisoner Civil Rights Complaint. ECF No. 4 ("Complaint"). Also before the Court is his Motion to Proceed *In Forma Pauperis*. ECF No. 3 ("Motion"). Plaintiff alleges prison officials violated his rights under the First and Eighth Amendments to the federal Constitution. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915, the Court will grant the Motion and dismiss the Complaint with leave to amend.

## BACKGROUND

This case stems from Plaintiff's conditions of confinement at the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico. Plaintiff was detained at MDC when he filed the Complaint and is proceeding *pro se*. The Complaint alleges MDC experienced a staffing shortage in 2022, which led to prolonged lockdowns. *See* Doc. 4 at 4-5, 7-8. During multiple weeks between July and October of 2022, Plaintiff was confined to his cell for 116-hour periods (*i.e.,* 4 days and 20 hours). *Id.* at 5. He lacked access to open-air recreation, the day room, showers, phones, the facility kiosk, and legal materials. *Id.* It appears the lockdowns occurred while Plaintiff was assigned to the general population, rather than administrative or disciplinary segregation. *Id.* Plaintiff further alleges MDC officials did not provide him with unspecified religious materials. *Id.* at 4.

The Complaint raises claims under 42 U.S.C. § 1983, the First Amendment, and the Eighth Amendment.  *See* Doc. 4 at 3.  Plaintiff names: (1) the City of Albuquerque (City); (2) the Bernalillo County Board of Commissions ("Board"); (3) MDC; (5) the unnamed MDC Chief; (6) and unnamed MDC security staff and correctional officers.  *Id.* at 1-3.  Plaintiff seeks over $5 million in damages for emotional distress, post-traumatic stress disorder, anxiety, and mental health impairments caused by the prolonged lockdowns.  *Id.* at 8.  The Complaint reflects Plaintiff exhausted his administrative remedies, and he filed a Motion showing he cannot afford to prepay the $402 civil filing fee.  The Court will therefore grant the Motion, ECF No. 3, and conduct an initial review of the Complaint.

## STANDARDS GOVERNING INITIAL REVIEW

The Court must dismiss an *in forma pauperis* complaint at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e).  The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall,* 935 F.2d at 1110.  While *pro*

*se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements."  *Id.*  Moreover, if the initial complaint fails to state a claim, courts should generally grant leave to amend unless amendment would be futile.  *Id.*

## DISCUSSION

The Complaint raises claims under the federal constitution and 42 U.S.C. § 1983.  "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."  *McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000).  The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (noting a successful § 1983 complaint must "make clear exactly who is alleged to have done what to whom").  There must also be a connection between the official conduct and the constitutional violation.  *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, the Complaint fails to state a cognizable claim against any individual or entity.  A jail is not a "person" subject to suit for money damages under 42 U.S.C. § 1983.  *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under § 1983); *Buchanan v. Okla.*, 398 Fed. App'x 339, 342 (10th Cir. 2010) ("State-operated detention facilities.... are not 'persons' ... under § 1983").  The claims against MDC must therefore be dismissed.

Local government entities such as the City and the Board can be sued under § 1983, but they are not liable for the actions of their employees based on the doctrine of *respondeat superior*.  *See Cannon v. City and Cnty. of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *Monell v. Dep't of*

3

*Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).  To establish liability of local-government entities under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."  *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996).

Understaffing may constitute a municipal custom that can form the basis for liability under § 1983.  *See, e.g., Burke v. Regaldo*, 935 F.3d 960, 1001 (10th Cir. 2019) (sheriff was responsible for "an unconstitutional policy or custom ... of poor training, inadequate staffing, and lack of urgency surrounding jail medical care").  However, the Complaint does not sufficiently differentiate between the municipal Defendants or connect each Defendant to the understaffing. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (the *Monell* allegations must demonstrate that, "through its deliberate conduct, the municipality was the moving force behind the injury alleged"); *Cf. Pahls v. Thomas,* 718 F.3d 1210, 1226 (10th Cir. 2013) (a plaintiff's "undifferentiated contention that 'defendants' infringed his rights" is insufficient to state a § 1983 claim).  In particular, there are no allegations showing each municipal Defendant was aware of, or failed to remedy, the alleged wrongdoing.  Accordingly, the Complaint fails to state a cognizable claim against the Board or the City.[1]

The remaining Defendants are unnamed individuals.  The Court presumes the unnamed MDC Chief refers to either former MDC Chief Greg Richardson - who is cited in several similar cases and appears to have retired in June of 2022 - or current MDC Chief Jason Jones.  *See, e.g., Ortiz v. Bd. of Cnty. Comm'rs*, 22-cv-894 MLG-KK (complaint cites Richardson as the former

---

[1] While the list of Defendants in the body of the Complaint names the City, the caption lists "City of Albuquerque et al Mayor."  Doc. 4 at 1.  The Court assumes Plaintiff intends to sue the City, based on his more detailed list of Defendants on pages 2 and 4 of the Complaint.  To the extent Plaintiff intends to sue Albuquerque Mayor Tim Keller, such claims are also subject to dismissal.  The City and Bernalillo County are separate municipalities.  The Complaint does not allege Mayor Keller was personally involved in the operations of a county jail, nor is it clear whether he can adopt a custom/policy impacting MDC.

Chief and wrongdoer). The Court will dismiss the claims against the unnamed MDC Chief but permit Plaintiff to clarify whether he wishes to sue Richardson and/or Jones in his amended complaint. As to unnamed MDC security staff and correctional officers, the Tenth Circuit has "recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Plaintiff has not included a description of the unnamed staff and security officers, such as a job title, physical description, partial name, etc. The Court will therefore dismiss all claims against the unnamed MDC staff and officers without prejudice. Plaintiff should describe the staff/officers in his amended complaint.

For all of these reasons, the Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e). *Pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff may file an amended complaint within thirty (30) days of entry of this ruling. He is reminded that, in addition to curing the defects identified above, he must satisfy the applicable pleading standards for First and Eighth Amendment claims. To state a First Amendment Free Exercise claim, the amended complaint must plead facts showing prison officials "substantially burdened sincerely-held religious beliefs." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). A prison action that substantially burdens beliefs is nonetheless valid "if it is reasonably related to legitimate penological interests." *Id.* (internal quotation marks omitted). As a result, an inmate "must also plead facts from which a plausible inference can be drawn that the allegedly impinging action was not reasonably related to a legitimate penological interest." *Blair*

*v. Raemisch*, 804 F. App'x 909, 916 (10th Cir. 2020) (quoting *Gee v. Pacheco,* 627 F.3d 1178, 1187-88 (10th Cir. 2010)).  *See also Al-Owhali v. Holder,* 687 F.3d 1236, 1240 (10th Cir. 2012) (In an analysis under Rule 12(b)(6), "a court need only assess, as a general matter, whether a prison regulation is reasonably related to a legitimate penological interest.").

To state a claim for unconstitutional conditions of confinement, the plaintiff must show the alleged deprivation is objectively serious, and defendants "have a sufficiently culpable state of mind."  *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir.1998).  For claims against a municipality, the subjective component is satisfied by alleging the municipality's "action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm."  *Layton v. Bd. of Cnty. Comm'rs of Okla. Cnty.*, 512 F. App'x 861, 871 (10th Cir. 2013).  For claims against an individual, a plaintiff may satisfy the subjective component by showing the defendant knew about, but disregarded, a substantial risk of harm.  *See Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quotations omitted).

If Plaintiff declines to timely amend or files an amended complaint that also fails to state a cognizable claim, the Court may dismiss this case with or without prejudice.

**IT IS ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis*, ECF No. 3, is **GRANTED**; the Prisoner Civil Rights Complaint, ECF No. 4, is **DISMISSED without prejudice;** and Plaintiff may file an amended complaint, as set forth above, within thirty (30) days of entry of this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE